UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DR. KEITH E. PYNE and ENRICO
DESIATA,

                Plaintiff,

-against-

CKR LAW LLP and JEFFREY A. RINDE,

                Defendants.

Civil Action No.: 1:21-cv-01565-GBD

**DECLARATION OF JEFFREY A. RINDE IN SUPPORT OF MOTION TO VACATE THE ENTRY OF DEFAULTS & TO STAY PROCEEDING IN FAVOR OF ARBITRATION**

---

JEFFREY A. RINDE declares, pursuant to 28 U.S.C. 1746, as follows:

1. I am an individual defendant named in the above-captioned action (the "Action"). I am also the managing attorney of Defendant CKR Law LLP.

2. I am over the age of eighteen and competent to make this declaration. I make this declaration in support of the motion to vacate the default entered against me on July 15, 2021 (Dkt. No. 19) and against CKR Law LLP on July 15, 2021 (Dkt. No. 20).

3. I recently learned that Peter R. Ginsberg, an attorney for the plaintiffs in this Action, submitted a request for entry of a "Clerk's Certificate of Default" against me.

4. I have reviewed Mr. Ginsberg's Affirmation filed in support of the request for entry of default (Dkt. No. 17) and the Affidavit of Service, dated March 25, 2021, purportedly annexed to that declaration, but filed separately as Dkt. No. 8.

5. In the Affidavit of Service, a person named Gina Eannucci claims to have served papers related to the Action on a brown-skinned male, standing 5 foot 9 inches tall and weighing approximately 180 to 190 pounds, named "Harold P.," who served as concierge at 230 West 56th Street, New York, New York.

1

6. I do not know to whom Mr. Ginsberg served the papers. I, however, was not served with any papers in connection with this case.

7. I do not reside, and have not since November 2019 resided, in any unit located at 230 West 56th Street, New York, New York.

8. Since November 2019, I have not been in the United States.

9. The concierge at the building located at 230 West 56th Street, New York, New York, did not then have, and has never had, authority to accept service of process on my behalf.

10. There is no one located at 230 West 56th Street New York New York who is authorized to accept service of process on my behalf.

11. I also understand that Mr. Ginsberg claims to have served CKR Law LLP by way of service on Laura Bryda, who is purportedly designated by law to accept service of process on behalf of VCorp Services, LLC in Delaware. (Dkt. No. 9). I do not know Laura Bryda and neither she nor VCorp Services, LLC in Delaware is authorized to accept service on behalf of the CKR Law LLP entity associated with me.

12. After reviewing the affidavit of service, I discovered that, apparently, there is an entity named "CKR Law LLP" registered as a "domestic" limited liability partnership in Delaware, but to the best of my knowledge that entity is not the CKR Law LLP named as a defendant in this action. Defendant CKR Law LLP is a California limited liability partnership.

13. Attached hereto as **Exhibit A** are true and correct copies of the Application to Register a Limited Liability Partnership for CKR Law LLP filed with the Secretary of State of the State of California, and amendments thereto.

14. I was unaware of the "CKR Law LLP" registered in Delaware until I investigated Mr. Ginsberg's purported service on CKR Law LLP during the last few weeks. From what I could

locate online, it appears that a CKR Law LLP was registered as a domestic entity in Delaware in 2019, years after the acts complained of by Plaintiffs in their Complaint. I did not authorize anyone to register a CKR Law LLP entity in Delaware and I did not authorize the appointment of V-Corp Services, LLC as agent for CKR Law LLP in Delaware.

15. Once I realized that Mr. Ginsberg had served the wrong entity, my counsel notified Mr. Ginsberg and requested that Plaintiffs stipulate to the vacating of both defaults. But, Mr. Ginsberg failed to respond to my counsel's email.

16. The fact that CKR Law LLP is a California limited liability partnership is, and has always been, readily available to Plaintiffs and their counsel. The legal notice, prominently displayed on CKR Law LLP's website states that CKR Law LLP is a "California limited liability partnership registered in the United States of America"

17. I first learned of this matter on or about June 14, 2021. I immediately began to make arrangements to retain counsel to represent me and CKR Law LLP in this action. It is my understanding that as soon as practical after retention, my counsel contacted Mr. Ginsberg to request that Plaintiffs stipulate to vacate the defaults but that, after initial email correspondence, Mr. Ginsberg stopped responding. These papers are being filed as soon as practicable, after counsel had an opportunity to investigate the relevant facts.

18. It is my understanding that plaintiff in this Action alleges damages stemming from a dispute relating to certain investment transactions. Both CKR Law LLP's and my role in the transactions were governed by an escrow agreement.

19. A true and correct copy of the relevant Escrow Agreement is attached as **Exhibit B** hereto.

20. In relevant part, the Escrow Agreement provides an arbitration provision that

requires that "[i]n the event of any differences or dispute of whatever nature arising from this Agreement (which shall include any failure to agree on any matter which requires the Escrow Parties' agreement for the purposes of implementation of this Agreement) or any other matter related thereto which cannot be settled by direct negotiation within thirty (30) days after either of the Escrow Parties has notified the other Party in writing of the existence of the dispute, such differences or dispute shall be referred to and finally settled by binding arbitration in Hong Kong." *Id.* at ¶ 15.

21. In addition, the engagement letters signed by Mr. Desiata and AIZ each contain arbitration provisions stating that "You and we agree that any controversy, claim or dispute ("Dispute") . . . arising out of or relating to our representation of you shall be resolved by final and binding arbitration. . . ." Annexed hereto as **Exhibits C** and **D** are true and correct copies of the engagement letters.

22. As such, this matter should not have been instituted in this forum and should be stayed in favor of arbitration.

WHEREFORE, I respectfully request that the Court enter an Order vacating the entries of default and compelling arbitration.

I declare under penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct.

Dated:
    August 15, 2021

*Jeffrey A. Rinde*
Jeffrey A. Rinde