Transaction Code: AIZ/PSL/35MSBLC/090214
Lessor Code: PSL/AIZ/35mBI/020914
Lessee Code: AZBSC01/25PS/2014

## ESCROW AGREEMENT

This Escrow Agreement (the "Agreement"), dated as of September 2, 2014, is by and among **AIZ Energy SA** ("AIZ"), represented by Murli D. Datwani, both Panama resident and holder of Panama Passport 1852987, with an address at Centro los Diamante, Local 3, Via Domingo Diaz, Panama City, Republic of Panama, and **Paramount Services Ltd.** ("PARAMOUNT"), a Nevis Company located at Main Street, PO Box 556, Charles Town, Nevis (AIZ and Paramount are herein collectively referred to as the "Escrow Parties"), and **CRONE KLINE RINDE LLP** (the "Escrow Agent"), a United States law firm with its principal place of business at 488 Madison Ave., 12th Floor, New York, New York.

(hereinafter, AIZ and PARAMOUNT, the "Escrow Parties").

**WHEREAS**, AIZ is ready, willing and able to lease a Bank Instrument ("BI") pursuant to a Private Contract Agreement ("PCA") for Lease of Bank Instruments dated September 2, 2014, which is being entered into concurrently herewith;

**WHEREAS**, PARAMOUNT has agreed to grant a lease of the BI detailed in the PCA to the Lessee and accept a total lease fee of 12% (Twelve Percent) of the face value of the BI, consisting of an initial payment of 2% (Two Percent) into an escrow account approved by Lessor (such payment, the "Escrow Payment") and the remaining 10% (Ten Percent) within three (3) international banking days of confirmation by Lessor's bank of delivery of the BI;

**WHEREAS**, the Escrow Agent has agreed to receive, hold and release the Escrow Payment in accordance with the terms and conditions of the PCA and this Agreement.

**NOW, THEREFORE**, in consideration of the premises and agreements of the Escrow Parties contained in this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which are acknowledged, the parties agree as follows:

1.     **Establishment of Escrow.** On or prior to two (2) business days following the execution of this Agreement, AIZ shall deliver the Escrow Payment to the Escrow Agent to the bank coordinates on <u>Annex A</u>. Following receipt of the Escrow Payment, the Escrow Agent shall promptly confirm receipt of the Escrow Payment to the Escrow Parties.

2.     **Appointment of Agent.** The Escrow Parties appoint the Escrow Agent as their agent to hold in escrow, and to administer the disposition of, the Escrow Payment in

**EXHIBIT B TO RINDE DECL.**                                        1

accordance with the terms of this Agreement, and the Escrow Agent accepts such appointment.

**3.      Handling of the Escrow Payment.**  The Escrow Agent shall hold the Escrow Payment in his bank account in accordance with his internal policies for the handling of other funds of a similar nature.

**4.      Release of the Escrow Funds.**

(a)      Upon presentation by PARAMOUNT to the Escrow Agent of a copy of the SWIFT MT760 with Answer Back confirming delivery of the BI to the bank coordinates designated by AIZ on Annex A, the Escrow Agent shall release the Escrow Payment to PARAMOUNT within one (1) international banking day of receipt of such copy.

(b)      Upon notice in writing from AIZ that PARAMOUNT has failed to deliver the BI by SWIFT MT760 to the bank coordinates designated by AIZ on Annex A within forty-eight (48) hours of payment of the Escrow Payment, the Escrow Agent shall return the Escrow Payment to AIZ within one (1) international banking day of receipt of such notice.

(c)      Upon receipt of written notice from AIZ and PARAMOUNT by the Escrow Agent that the PCA has been terminated or expired on its terms, the Escrow Agent shall return the Escrow Payment to AIZ, exclusive of any bank charges, within one (1) international banking day of receipt of such notice.

(d)      Notwithstanding anything to the contrary in this Agreement, if at any time, the Escrow Agent receives any other written joint instructions from the Escrow Parties, or their respective successors or assigns, as to the disbursement of the Escrow Payment or any portion thereof, the Escrow Agent shall disburse the Escrow Payment pursuant to such instructions. The Escrow Agent shall have no obligation to follow any directions set forth in any such instructions unless and until the Escrow Agent is satisfied, in his sole discretion, that the persons executing said instructions are authorized to do so.

(e)      The Escrow Agent shall have no obligation to release the Escrow Payment in accordance with clauses (a) – (d) of this Section 4. unless and until the Escrow Agent is satisfied, in his sole discretion, with the written evidence and that the person requesting the payment is authorized to do so.

(f)      Delivery of the BI or the Escrow Payment to the Escrow Parties, as applicable, shall be to the bank coordinates set forth in Annex A to this Agreement.

2

**AIZ's Initials:**
{00157363.2 / 2000.000}

**PARAMOUNT's Initials:** _Jaeeca_

**Escrow Agent Initials:** _UKR_

Transaction Code: AIZ/PSL/35MSBLC/090214
Lessor Code: PSL/AIZ/35mBI/020914
Lessee Code: AZBSC01/25PS/2014

## 5.   Responsibilities and Liability of Escrow Agent.

(a)   **Duties Limited.** The Escrow Agent undertakes to perform only such duties as are expressly set forth in this Agreement. The Escrow Agent's duties shall be determined only with reference to this Agreement and applicable laws and he shall have no implied duties. The Escrow Agent shall not be bound by, deemed to have knowledge of, or have any obligation to make inquiry into or consider, any term or provision of any agreement between any of the Escrow Parties and/or any other third party or as to which the escrow relationship created by this Agreement relates, including without limitation any documents referenced in this Agreement.

(b)   **Limitations on Liability of Escrow Agent.** Except in cases of the Escrow Agent's bad faith, willful misconduct or gross negligence, the Escrow Agent shall be fully protected (i) in acting in reliance upon any certificate, statement, request, notice, advice, instruction, direction, other agreement or instrument or signature reasonably and in good faith believed by the Escrow Agent to be genuine, (ii) in assuming that any person purporting to give the Escrow Agent any of the foregoing in connection with either this Agreement or the Escrow Agent's duties, has been duly authorized to do so, and (iii) in acting or failing to act in good faith on the advice of any counsel retained by the Escrow Agent. The Escrow Agent shall not be liable for any mistake of fact or law or any error of judgment, or for any act or omission, except as a result of its bad faith, willful misconduct or gross negligence. The Escrow Agent shall not be responsible for any loss incurred upon any action taken under circumstances not constituting bad faith, willful misconduct or gross negligence.

Without limiting the generality of the foregoing, it is agreed that in no event will the Escrow Agent be liable for any lost profits or other indirect, special, incidental or consequential damages which the parties may incur or experience by reason of having entered into or relied on this Agreement or arising out of or in connection with the Escrow Agent's services, even if the Escrow Agent was advised or otherwise made aware of the possibility of such damages; nor shall the Escrow Agent be liable for acts of God, acts of war, breakdowns or malfunctions of machines or computers, interruptions or malfunctions of communications or power supplies, labor difficulties, actions of public authorities, or any other similar cause or catastrophe beyond the Escrow Agent's reasonable control.

In the event that the Escrow Agent shall be uncertain as to his duties or rights under this Agreement, or shall receive any certificate, statement, request, notice, advice, instruction, direction or other agreement or instrument from any other party with respect to the Escrow Funds which, in the Escrow Agent's reasonable and good faith opinion, is in conflict with any of the provisions of this Agreement, or shall be advised that a dispute

3

AIZ's Initials: _____   PARAMOUNT's Initials: _____   Escrow Agent Initials: CKR
{00157363.2 / 2000 000}

has arisen with respect to the Escrow Funds or any part thereof, the Escrow Agent shall be entitled, without liability to any person, to refrain from taking any action other than to keep safely the Escrow Payment until the Escrow Agent shall be directed otherwise in accordance with joint written instructions from the Escrow Parties or an order of a court with jurisdiction over the Escrow Agent. The Escrow Agent shall be under no duty to institute or defend any legal proceedings, although the Escrow Agent may, in his discretion and at the expense of the Escrow Parties as provided in subsections (c) or (d) immediately below, institute or defend such proceedings.

(c)     **Indemnification of Escrow Agent**. The Escrow Parties jointly and severally agree to indemnify the Escrow Agent for, and to hold him harmless against, any and all claims, suits, actions, proceedings, investigations, judgments, deficiencies, damages, settlements, liabilities and expenses (including reasonable legal fees and expenses of attorneys chosen by the Escrow Agent) as and when incurred, arising out of or based upon any act, omission, alleged act or alleged omission by the Escrow Agent or any other cause, in any case in connection with the acceptance of, or performance or non-performance by the Escrow Agent of, any of the Escrow Agent's duties under this Agreement, except as a result of the Escrow Agent's bad faith, willful misconduct or gross negligence. Notwithstanding the foregoing, in no event shall the aggregate obligations of the Escrow Parties to the Escrow Agent pursuant to this subsection exceed the amount of the Escrow Payment.

(d)     **Authority to Interplead**. The Escrow Parties authorize the Escrow Agent, if the Escrow Agent is threatened with litigation or is sued, to interplead all interested parties in any court of competent jurisdiction and to deposit the Escrow Payment with the clerk of that court. In the event of any dispute under this Agreement, the Escrow Agent shall be entitled to petition a court of competent jurisdiction and shall perform any acts ordered by such court.

**6.     Termination**. This Agreement and all the obligations of the Escrow Agent under this Agreement shall terminate upon the earliest to occur of the release of the Escrow Payment by the Escrow Agent in accordance with this Agreement or the deposit of the Escrow Payment by the Escrow Agent in accordance with Section 5(d) hereof.

**7.     Removal of Escrow Agent**. The Escrow Parties shall jointly have the right to terminate the appointment of the Escrow Agent, specifying the date upon which such termination shall take effect. Thereafter, the Escrow Agent shall have no further obligation to the Escrow Parties except to hold the Escrow Payment as depository and not otherwise. The Escrow Agent shall refrain from taking any action until it shall receive joint written instructions from the Escrow Parties designating the successor escrow agent. Escrow Agent shall deliver the Escrow Payment to such successor escrow agent in accordance with such instructions and upon receipt of the Escrow Payment, the successor escrow agent shall be bound by all of the provisions of this Agreement.

4

AIZ's Initials:                PARAMOUNT's Initials:                Escrow Agent Initials: CKR
{00157363.2 / 2000.000}

**8.     Resignation of Escrow Agent**.  The Escrow Agent may resign and be discharged from his duties and obligations hereunder at any time by giving no less than ten (10) days' prior written notice of such resignation to the Escrow Parties, specifying the date when such resignation will take effect.  Thereafter, the Escrow Agent shall have no further obligation to the Escrow Parties except to hold the Escrow Payment as depository and not otherwise.  In the event of such resignation, the Escrow Parties agree that they will jointly appoint a successor escrow agent within ten (10) days of notice of such resignation.  Escrow Agent shall refrain from taking any action until he shall receive joint written instructions from the Escrow Parties designating the successor escrow agent. Escrow Agent shall deliver the Escrow Payment to such successor escrow agent in accordance with such instructions and upon receipt of the Escrow Payment, the successor escrow agent shall be bound by all of the provisions of this Agreement.

**9.     Survival**.  Notwithstanding anything in this Agreement to the contrary, the provisions of Section 5 shall survive any resignation or removal of the Escrow Agent, and any termination of this Agreement.

**10.    Escrow Agent Fees, Costs, and Expenses**.  The Escrow Agent shall charge an administrative fee of one-half (.5) percent of the face value of the BI, which shall be paid by AIZ, and shall be entitled to be reimbursed for customary fees and delivery charges or other out of pocket expenses incurred in connection the Escrow Payment.  AIZ acknowledges its obligation to pay any fees, expenses and other amounts owed to the Escrow Agent pursuant to this Agreement.

**11.    Notices**.  All notices under this Agreement shall be transmitted to the respective parties, shall be in writing and shall be considered to have been duly given or served when personally delivered to any individual party, or on the first (1st) business day after the date of deposit with an overnight courier for next day delivery, postage paid, or on the third (3rd) business day after deposit in the domestic or local mail service, certified or registered, return receipt requested, postage prepaid, or on the date of telecopy, fax or similar transmission during normal business hours, as evidenced by mechanical confirmation of such telecopy, fax or similar transmission, addressed in all cases to the party at his or its address set forth below, or to such other address as such party may designate, provided that notices will be deemed to have been given to the Escrow Agent on the actual date received:

If to AIZ Energy:

Centro Los Diamantes
Local 3, Via Domingo Diaz
Panama City, Republic of Panama,

5

AIZ's Initials: _____     PARAMOUNT's Initials: _____     Escrow Agent Initials: CKR
{00157363.2 / 2000.000}

**Transaction Code: AIZ/PSL/35MSBLC/090214**
**Lessor Code: PSL/AIZ/35mBI/020914**
**Lessee Code: AZBSC01/25PS/2014**

Attn: Murli D. Datwani
Fax: 507 290 3278
Email:aizenergy@aigsa.net

If to PARAMOUNT:

Main Street
PO Box 556
Charles Town, Nevis
Attn: Gulzhan Namazbaeva
Email: dw@aiiltd.com

If to the Escrow Agent:

**CRONE KLINE RINDE LLP**
488 Madison Ave., 12th Floor
New York, New York 10022
Attn: Jeffrey A. Rinde, Esq.
Phone: (212) 400-6900
Email: jrinde@ckrlaw.com

Any notice, except notice by the Escrow Agent, may be given on behalf of any party by its counsel or other authorized representative. In all cases the Escrow Agent shall be entitled to rely on a copy or a fax transmission of any document with the same legal effect as if it were the original of such document.

**Modifications; Waiver**. This Agreement may not be altered or modified without the express prior written consent of all of the parties to this Agreement. No course of conduct shall constitute a waiver of any terms or conditions of this Agreement, unless such waiver is specified in writing, and then only to the extent so specified. A waiver of any of the terms and conditions of this Agreement on one occasion shall not constitute a waiver of the other terms of this Agreement, or of such terms and conditions on any other occasion.

**12.     Further Assurances**. If at any time the Escrow Agent shall determine or be advised that any further agreements, assurances or other documents are reasonably necessary or desirable to carry out the provisions of this Agreement and the transactions contemplated by this Agreement, the Escrow Parties shall execute and deliver any and all such agreements or other documents, and do all things reasonably necessary or appropriate to carry out fully the provisions of this Agreement.

6

AIZ's Initials: _____    PARAMOUNT's Initials: _____    Escrow Agent Initials: CKR
{00157363.2 / 2000.000}

Transaction Code: AIZ/PSL/35MSBLC/090214
Lessor Code: PSL/AIZ/35mBI/020914
Lessee Code: AZBSC01/25PS/2014

**13.    Assignment**.  This Agreement shall inure to the benefit of and be binding upon the successors, heirs, personal representatives, and permitted assigns of the parties.  This Agreement is freely assignable by the Escrow Parties; provided, however, that no assignment by such party, or it successors or assigns, shall be effective unless prior written notice of such assignment is given to the other parties, including, without limitation, the Escrow Agent; and provided, further, that any assignee satisfies the Escrow Agent's requirements set forth herein.  This Agreement may not be assigned by the Escrow Agent, except that upon prior written notice to the Escrow Parties, the Escrow Agent may assign this Agreement to an affiliated or successor bank or other qualified bank entity.

**14.    Section Headings**.  The section headings contained in this Agreement are inserted for purposes of convenience of reference only and shall not affect the meaning or interpretation of this Agreement.

**15.    Governing Law/Disputes**.  This Agreement shall be interpreted according to and subject to English Law.  The Escrow Parties agree to do their utmost to ensure that any disputes between them are settled equitably and amicably and where possible without resort to arbitration.  In the event of any differences or dispute of whatever nature arising from this Agreement (which shall include any failure to agree on any matter which requires the Escrow Parties' agreement for the purposes of implementation of this Agreement) or any other matter related thereto which cannot be settled by direct negotiation within thirty (30) days after either of the Escrow Parties has notified the other Party in writing of the existence of the dispute, such differences or dispute shall be referred to and finally settled by binding arbitration in Hong Kong.

**16.    Arbitration**.

    (a)    The arbitration shall be conducted by three arbitrators, which shall be selected one by AIZ, one by PARAMOUNT and one to be mutually agreed upon.

    (b)    The arbitration award shall be final and binding upon the Escrow Parties.

    (c)    The Escrow Parties agree that the arbitration award may be entered as a final non-appealable judgment in any court or other tribunal and may be enforced in other jurisdictions by suit on the judgment or in any manner provided by the law.

THE PARTIES ACKNOWLEDGE THAT THIS OBLIGATION TO ARBITRATE ALL DISPUTES WILL RESULT IN THE WAIVER OF ANY RIGHT TO RESOLVE DISPUTES THROUGH A TRIAL IN COURT BY A JUDGE OR JURY.

7

AIZ's Initials:                    PARAMOUNT's Initials:                    Escrow Agent Initials: CKR
{00157363.2 / 2000.000}

**Transaction Code: AIZ/PSL/35MSBLC/090214**
**Lessor Code: PSL/AIZ/35mBI/020914**
**Lessee Code: AZBSC01/25PS/2014**

**17.    Counterparts and Facsimile Execution.**  This Agreement may be executed in two or more counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.  The exchange of copies of this Escrow Agreement and of signature pages by facsimile transmission shall constitute effective execution and delivery of this Escrow Agreement as to the parties and may be used in lieu of the original Escrow Agreement for all purposes (and such signatures of the parties transmitted by facsimile shall be deemed to be their original signatures for all purposes).

## [THIS SPACE INTENTIONALLY LEFT BLANK]

8

AIZ's Initials: _____   PARAMOUNT's Initials: _____   Escrow Agent Initials: CKR
{00157363.2 / 2000.000}

**Transaction Code: AIZ/PSL/35MSBLC/090214**
**Lessor Code: PSL/AIZ/35mBI/020914**
**Lessee Code: AZBSC01/25PS/2014**

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date first written above.

**AIZ Energy SA ("AIZ"),**

By:
NAME: Murli D. Datwani
TITLE: President

NURPEISSOVA**PARAMOUNT SERVICES
LTD.** ("PARAMOUNT"),

BY:
NAME: Gulzhan Namazbaeva
TITLE: Authorized Signatory

**ESCROW AGENT**

**CRONE KLINE RINDE LLP**

BY:
NAME: Jeffrey A. Rinde
TITLE: Partner

9

**AIZ's Initials:**
{00157363.2 / 2000.000}

**PARAMOUNT's Initials:**

**Escrow Agent Initials:** CKR

**Transaction Code: AIZ/PSL/35MSBLC/090214**
**Lessor Code: PSL/AIZ/35mBI/020914**
**Lessee Code: AZBSC01/25PS/2014**

## ANNEX A

## BANK COORDINATES

**ESCROW AGENT**

| Bank: | Citibank, N.A. |
|---|---|
| Address: | 640 Fifth Avenue, New York, NY 10019 |
| Routing Number: | ▓0089 |
| SWIFT: | CITIUS33 |
| Account Name: | Crone Kline Rinde LLP |
| Account No.: | ▓7943 |
| Account Signatory: | Jeffrey A. Rinde |

**AIZ ENERGY, SA**

**Account designated to receive MT760:**

| Bank: | STANDARD CHARTERED BANK (HONG KONG) LIMITED |
|---|---|
| Address: | 1/F, GOLDEN CROWN COURT, 68 NATHAN ROAD, TSIM SH TSUI, HONG KONG |
| SWIFT: | SCBLHKHHXXX |
| Account Name: | INTECH HOLDINGS INC |
| Account No.: | ▓5291 |
| Account Signatory: | Gulzhan Namazbaeva |
| IBAN CODE: | n/a |
| Bank Officer: | Jackson Lee |
| Telephone: | +852 29867595 |

**Account designated to receive Escrow Payment:**

| Bank: | Barclays Bank Plc |
|---|---|
| Address: | 2 Churchill Place, Canary Wharf, E14 5RB |
| SWIFT: | BARCGB22 |
| Account Name: | BMR |
| Account No.: | ▓763 |
| IBAN CODE: | GB05 BARC 2026 4610 1127 63 |
| Bank Officer: | Antony Jenkins |

10

AIZ's Initials: _____   PARAMOUNT's Initials: _____   Escrow Agent Initials: CkR
{00157363.2 / 2080.000}

**Transaction Code: AIZ/PSL/35MSBLC/090214**
**Lessor Code: PSL/AIZ/35mBI/020914**
**Lessee Code: AZBSC01/25PS/2014**

| Telephone: | 08457 555 555 |
|---|---|

## PARAMOUNT

| Bank: | BARCLAYS BANK PLC |
|---|---|
| Address: | 1 CHURCHILL PLACE, LONDON E14 5HP |
| SWIFT: | BARCGB22 |
| Account Name: | PARAMOUNT SERVICES LTD |
| Account No.: | ████481 |
| IBAN CODE: | GB67BARC20000010010481 |
| Bank Officer: | Antony Jenkins |
| Telephone: | 08457 555 555 |

11

AIZ's Initials:
{00157363.2 / 2000.000}

PARAMOUNT's Initials:

Escrow Agent Initials: CKR